**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FAWWAZ A. SALHAB, | Civil Action No. 07-3679(SDW) |
| Plaintiff, | |
| v. | |
| MICHAEL CHERTOFF, In his capacity as SECRETARY for the DEPARTMENT OF HOMELAND SECURITY, EDUARDO AGUIRRE, In his capacity as DIRECTOR for the UNITED STATES CITIZENSHIP IMMIGRATION SERVICES, ANDREA J. QUARANTILLO, In her capacity as DISTRICT DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | OPINION<br><br>August 23, 2007 |
| Defendants. | |

**WIGENTON,** District Judge.

Plaintiff Fawwaz A. Salhab filed his Complaint for relief under the Mandamus Act, Declaratory Judgment Act and Administrative Procedures Act seeking to compel the adjudication of his naturalization application. In light of the numerous filings in this district by plaintiffs like Mr. Salhab and the similar arguments raised by Defendants in those cases regarding jurisdiction and interpretation of the term 'examination', this Court, sua sponte, remands this matter to CIS for completion of the FBI check.

1

**DISCUSSION**

*Basic Statutory Framework and the term 'Examination'*

A lawful permanent alien is eligible for naturalization as a United States citizen if he (1) satisfies the five-year statutory residency requirement; (2) has resided continuously in the United States from the date of application to the time of admission as a citizen; and (3) is of good moral character. 8 U.S.C. §1427(a). To become a citizen, the applicant must file an application for naturalization (Form N-400). 8 U.S.C. §1445(a); 8 C.F.R §334.2. Citizen Immigration Services ("CIS") must then conduct a background investigation, including a review of all pertinent immigration and police records and a neighborhood investigation. 8 U.S.C. §1446(a); 8 C.F.R. §335.1. Lastly, the applicant must be interviewed by an examiner. 8 U.S.C. §1446(d). During this interview the applicant must successfully complete testing with regard to the statutory requirements of English proficiency and knowledge of United States history and government. 8 U.S.C. §1423(a). It is significant that CIS has adopted a regulation requiring that an initial examination on an applicant's naturalization application occur **only after** CIS has received a definite response from the FBI that a full criminal background check, called the name check ("check"), has been completed. 8 C.F.R. §335.2(b). During that examination, the service officer conducting the exam shall record "the tests administered to the applicant on English literature and basic knowledge of the history and government of the United States." 8 C.F.R. §335.2©. Further, "a decision to grant or deny the application shall be made at the time of the initial examination of the applicant for naturalization under § 335.2." 8 C.F.R. §335.3.

Plaintiff is a lawful permanent resident and applied for U.S. citizenship on January 20, 2006. He was interviewed and passed his language, history and government examination on June 1, 2006 but is awaiting final determination of his application because his check has not been

2

completed.  Plaintiff argues that Defendants have violated 8 U.S.C. §1447(b) because more than 120 days have lapsed since his examination and no adjudication has been made as to his application.  The relevant statute provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court . . . for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. §1447(b).

Whether this Court has jurisdiction over this matter depends on the statutory meaning of the term "examination", as used in 8 U.S.C. §1447(b).  "A court interpreting a federal statute must first attempt to give that statute its plain meaning unless doing so leads to clearly unintended and absurd results." United States v. Abraham, 29 F.Supp.2d 206, 210 (D.N.J. 1998).  It is well established that

> [b]ecause it is presumed that Congress expresses its intent through the ordinary meaning of its language, every exercise of statutory interpretation begins with [the] plain language of the statute itself.  Where the statutory language is plain and unambiguous, further inquiry is not required, except in the extraordinary case where a literal reading of the language produces an absurd result.  Moreover, a court may depart from the plain language of a statute only by an extraordinary showing of contrary congressional intent in the legislative history.

Idahoan Fresh v. Advantage Produce, Inc., 157 F.3d 197, 202 (3d Cir. 1998)(citations omitted).

Aside from this Court's recent decisions, the issue of whether the 120 days tolls at the initial examination or upon completion of the check was previously addressed by the Honorable Stanley R. Chesler, U.S.D.J., in Kheridden v. Chertoff, et. al., Slip Copy 2007 WL 674707 (D.N.J.).  There is no Third Circuit Court of Appeals decision on this issue in our district.

3

In <u>Kheridden</u>, the court rejected defendants arguments that performance of the check must be complete to trigger the 120 day period.[1] The court reasoned:

> First, the language of Section 1447(b) suggests that an examination is a distinct, single event, and not an ongoing process which encompasses the interview as well as the background investigation. 8 U.S.C. § 1447(b) gives a district court jurisdiction over a naturalization case "[i]f there is a failure to make a determination [on the application] before the end of the 120 day period after *the date* on which the examination is conducted." (Emphasis added). The implication of this language is that the "examination" occurs on a "particular, identifiable date." Further, the 120 day adjudication time period would be meaningless if the "examination" were an ongoing process, as there would be no "date" upon which the examination is "conducted".
>
> Second, the statutory scheme describing the naturalization process uses two distinct words, "examination" and "investigation", to discuss the steps of the naturalization process. 8 U.S.C. §1446(a) addresses the "investigation" of the applicant, while 8 U.S.C. §1446(b) addresses the "examination." Use of these distinct terms and discussion of these terms in separate sections of the statute indicates that "examination" and "investigation" are not one continuous event, but instead separate and distinct events. In addition, 8 U.S.C. §1446 further differentiates between the two. Whereas an "examination" must be conducted by an employee of CIS designated by the Attorney General, an "investigation" may be conducted by an employee of CIS or an employee of the United States designated by the Attorney General. **Interpreting the word "examination" as a process, rather than a specific event occurring on a specific date, does not comport with the plain meaning of the statute.**

<u>Kheridden</u>, <u>supra</u>, at 3-4 (citations omitted) (emphasis added). Therefore, based on the plain language of the statute, this Court continues to join the majority of district courts and holds that "examination" refers to a specific event, the applicant's interview with CIS, rather than the ongoing process that is complete at the completion of the check.

---

[1] Most districts addressing this issue have so concluded. <u>Kheridden</u>, <u>supra</u>, at 3 (citations omitted). See also <u>See, e.g.</u>, <u>Yang v. Chertoff</u>, Slip Copy, 2007 WL 1974943 (S.D.Cal. July 2, 2007)(remanding to CIS with instructions to determine naturalization application within 120 days); <u>Al-Mohammed v United States Citizenship and Immigration Service</u>, Slip Copy, 2007 WL 2004866 (E.D.Mich. July 9, 2007)(remanding to CIS with instructions to determine naturalization application within 120 days).

A reading of the relevant regulations does not support an interpretation that the 120 day period is an ongoing process. As further reasoned in <u>Kheridden</u>,

> CIS's own regulations indicate a difference between the "examination" and the "investigation," weakening the argument that the examination includes the criminal background check. For example, 8 C.F.R. 335.2(b) is entitled "Completion of criminal background checks before examination," and specifically states that the FBI background check must be completed before examination," and specifically states that the FBI background check must be completed before the applicant is notified to appear for his or her examination on the naturalization application." Another section of the C.F.R. states "A decision to grant or deny the application shall be made at the time of the initial examination of the applicant for naturalization under § 335.2." The plain language of this section instructs CIS that the 120 day period begins to run after the initial examination, and not after the conclusion of the entire examination process.

<u>Kheridden</u>, <u>supra</u>, at 4.

The regulations are clear – the examination is given after the check is completed. See <u>Ouili v. Department of Homeland Sec.</u>, Slip Copy, 2007 WL 2259335 (E.D. Mich. Aug. 2, 2007) (rejecting arguments of <u>Chevron</u> deference and stating examination is not synonymous with interview) and <u>Se Hyon Pak v. Gonzales</u>, Slip Copy, 2007 WL 2306875 (D.N.J. 2007 (August 6, 2007)(stating that defendants arguments regarding interpretation of term examination unpersuasive).

To read the statute as providing the 120 day period is an on-going process would render it meaningless and lead to an absurd result. As reasoned in <u>Silebi</u>,

> If the triggering date were the date on which the entire process was concluded, irrespective of the interview date, the applicant would have no recourse for delays. Moreover, if CIS completed all steps timely, but did not make a determination on the application, the applicant would have no notice that the process had been completed, and would be unable to determine whether it was the proper time to apply to the district court.

<u>Silebi De Donado v. Swacina</u>, 486 F.Supp.2d 1360, 1364-65 (S.D.Fla. 2007) (citation

5

omitted).

While this Court is mindful of the backlog and increased requests presented to the FBI with regard to conducting these checks, to avoid the 120 day quandary CIS simply need not schedule the interview until all components of the check is complete - as set forth in the regulations.

As in the instant case, where statutory language is plain, further inquiry is unnecessary unless a reading of the statute leads to an absurd result. Because this Court finds a plain reading of the statute warrants a conclusion that the 120 day period begins at the completion of the initial interview, further inquiry is not needed, as the plain reading does not produce an absurd result. Further, the regulations are clear - an application can not be adjudicated without a completion of the check and the check must be performed before the examination. Any requirement that the check be conducted before naturalization can occur is of no moment since this Court can mandate that CIS take specific action in the alternative of determining the application itself pursuant to 8 U.S.C. §1447(b).[2]

In the instant matter, over 120 days have elapsed since Plaintiff's June 1, 2006 examination. In light of all the above determinations, this Court has jurisdiction.

### REMEDY

Pursuant to §1447(b), this Court may either determine the matter of naturalization or remand the matter to CIS with instructions as to proceeding forward. 8 U.S.C. 1447(b). Plaintiff requests this Court adjudicate his naturalization application. This Court will not adjudicate Plaintiffs' applications, as the FBI checks have not been completed. This component is an integral part of the process of naturalization and against the backdrop of a post 9/11 era,

---

[2] Other courts have determined adjudication is proper. <u>Alghawi v. Gonzales</u>, Slip Copy, 2007 WL 2288056 (W.D. Washington Aug. 6, 2007) (denying motion to dismiss or remand and setting evidentiary hearing).

necessary. The check is also statutorily required, pursuant to 8 U.S.C. §1446(a). This Court is not equipped to conduct such a check and to adjudicate the application without this integral component would be contrary law. Nevertheless, this Court is concerned that this process is being delayed by the failure to conduct the check, as Plaintiff's application has been pending over one year. While this is not the 3 years presented in <u>Kheridden</u>, <u>supra</u>, the delay makes a remand with instructions warranted. Therefore, at this juncture, this Court will remand this matter to CIS with instructions to use its best efforts to determine the status of Plaintiff's check and expedite this process. Once CIS receives the results of the check, it is directed to make a decision on Plaintiff's application as expeditiously as possible, but no later than 60 days after receipt of the check result. Plaintiff shall be permitted to renew his application before this Court if the check has not been concluded within 180 days. This Court will retain jurisdiction to consider alternative remedies shall these efforts prove fruitless.

**CONCLUSION**

For all the reasons set forth above, this Court Remands this matter to CIS for completion of the FBI check.

s/Susan D. Wigenton, U.S.D.J.